IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02829-GPG

TYRONE PRATT,

    Applicant,

v.

J. OLIVER, Warden, USP Florence,

    Respondent.

ORDER OF DISMISSAL

Applicant Tyrone Pratt is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Applicant, acting *pro se*, initiated this action by filing a 28 U.S.C. § 2241 action challenging the validity of his conviction and sentence. Applicant asserts that pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013), his conviction no longer qualifies as a predicate "violent Felony" under 18 U.S.C. § 924(e), Application, ECF No. 1, at 3, and that he is able to raise this claim in a § 2241 action because he did not have the opportunity to raise the issue in his 28 U.S.C. § 2255 motion, and is foreclosed from raising the issue in a successive § 2255 motion.

On December 4, 2014, Magistrate Judge Gordon P. Gallagher entered an Order to Show Cause directing Applicant to respond and show cause why the Application should not be denied because Applicant has an adequate and effective remedy in the sentencing court in the United States District Court for the Western District of Pennsylvania. Applicant filed a Response on December 30, 2014.

The Court must construe the Application and Response liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Applicant is challenging the legality of his conviction and sentence in *United States v. Pratt*, No. 06-cr-00077-GD-1 (W.D. Pa. Nov. 7, 2007). *See* Application at 2-3 and 4. Applicant was found guilty of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and was sentenced to 200 months of incarceration and five years of supervised release. No. 06-cr-00077-GD-1 at ECF No. 79. The conviction and sentence was affirmed on appeal. *See United States v. Pratt*, No. 07-4401 (3rd Cir. Apr. 16, 2009).

Applicant filed a 28 U.S.C. § 2255 motion on October 13, 2009, in the Western District of Pennsylvania. *See Pratt*, No. 06-cr-00077-GD-1 at ECF No. 94. Applicant requested to amend the motion. *Id.* at ECF No. 106. The court found the new claims properly related back to those claims stated in the original motion under Fed. R. Civ. P. 15(c) and reviewed all of Applicant's claims on the merits. *Id.* at ECF No. 116. One of the claims Applicant raised in his amended § 2255 motion involved a prior conviction that was found to be a "violent felony." *Id.* at ECF Nos. 106 and 107. Applicant asserted that his 2004 conviction for intimidation of witnesses and terroristic threats, which the trial court found to be a "violent felony" conviction, no longer qualified as a predicate offense under the ACCA in light of *Begay v. United States*, 553 U.S. 137 (2008), and therefore could not be used to establish him as an armed career criminal. *Id.*, ECF No. 116 at 16. The trial court discussed the criminal information of the prior

conviction at issue, applied the modified categorical approach to determine whether applicant had committed a violent felony, and was satisfied that conviction enumerated offenses set forth in § 924(e)(2)(B)(ii), even under post-*Begay* analysis. *Id.* at 21. The Third Circuit denied Applicant's certificate of appealability in his appeal of the denial of his § 2255, *United States v. Pratt*, No. 12-1444 (3rd Cir. Aug. 28, 2012), and the United States Supreme Court denied certiorari review on March 25, 2013, *United States v. Pratt*, No. 12-8878 (2013).

Applicant then filed a successive § 2255 motion raising a claim pursuant to *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013). *Id.* at ECF No. 122. The Western District of Pennsylvania dismissed the motion without prejudice on June 30, 2014, and directed Applicant that he must seek authorization in the Third Circuit to file a successive petition. *Id.* at ECF No. 123. As of the date of this Order, Applicant has not filed a request for authorization in the Third Circuit.

Applicant raises three claims in this Application: (1) his conviction no longer qualifies as a predicate violent felony under § 924(e); (2) the savings clause reaches his erroneous sentence; and (3) *Descamps* is retroactive. In the Response, Applicant asserts that the Tenth Circuit has yet to address whether a sentencing error may be fundamental and warrant a resort to the savings clause. Applicant also asserts a challenge to a sentence is not available in a § 2255 motion unless there is a fundamental defect and a miscarriage of justice. For the following reasons, Applicant's claims lack a basis for finding he may proceed under § 2241.

"A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of

§ 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). The narrow reading of the savings clause is well established in the Tenth Circuit. *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Applicant does not assert any of these circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (incorporating in the savings clause a test for actual innocence that would allow a habeas corpus application

4

pursuant to § 2241 to proceed)).  The Tenth Circuit, however, has now explicitly declined to adopt the *Reyes-Requena* test.  *See Prost*, 636 F.3d at 593-94.  The Tenth Circuit disregarded the "actually innocent" provision, as a novel question that creates "a test Congress never authorized," *Id.* at 596 (Tenth Circuit declines to incorporate actual innocence under a new statutory interpretation to invoke the savings clause).

Furthermore, the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) (based on the fundamental legality of a sentence, the Seventh Circuit found § 2241 an appropriate avenue for relief when a defendant is unable to obtain relief on a basis not yet established by law in a first motion and unable to do so in a successive motion when relief is neither newly discovered evidence nor a new rule of constitutional law), is rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241.  *Prost*, 636 F.3d at 593-94.  The Tenth Circuit found that the foreclosure test disregards § 2255(h) in allowing an applicant to proceed through the § 2255(e) savings clause in disregard of Congress's concern for finality when a conviction has been tested through trial, appeal, and one round of collateral review, *id.* at 591.

Applicant bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective.  *Id.* at 584.  "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his **sentence** or conviction."  *Id.* at 587 (emphasis added).  The sentencing court's denial of Applicant's § 2255 motion on the merits, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective.  *See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks

5

upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings."). "Failure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective." *See Bradshaw*, 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

To the extent Applicant asserts that he is unable to raise a statutory argument in a successive § 2255 motion, "[t]he fact that § 2255 bars [Applicant] from bringing his statutory interpretation *now*, in a second § 2255 motion . . . , doesn't mean the § 2255 remedial process was ineffective or inadequate to test his argument." *Prost*, 636 F.3d at 580; *see also Brace*, 634 F.3d at 1170 (rejecting applicant's claim that § 2255 was inadequate or unavailable because he would be precluded from bringing a statutory interpretation argument in a second § 2255 motion).

Furthermore, Applicant's inadequate and ineffective § 2255 argument, based on an alleged substantive law change post *Descamps*, is flawed for the following reasons. In *Descamps*, the Supreme Court states that it was not announcing a new rule but applying case law to help "implement the categorical approach when a defendant was convicted of violating a divisible statute." *See Descamps*, 133 S. Ct. 2276, 2285. The Tenth Circuit also has found, as is the case here, that there was "no impediment to . . . raising [violent felony] arguments before [the *Descamps*] decision was handed down." *United States v. Tenderholt*, 587 F. App'x 505, 506 (10th Cir. 2014). Applicant, therefore, had an adequate and effective remedy in a § 2255 motion in the sentencing court to address his violent felony claim; and he may not rely on *Descamps* as a basis

for allowing him to proceed in a § 2241 action to challenge his sentence in the Western District of Pennsylvania.

Because Applicant fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective, the Application will be dismissed for lack of statutory jurisdiction.  *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Applicant fails to assert that his remedy in the United States District Court for the Western District of Pennsylvania is ineffective and inadequate.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  29th  day of    January    , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court